UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

**CASSANDRA C DORSEY,**

   **Plaintiff,**

v.                                                             Case No: 5:19-cv-426-Oc-30PRL

**WOODSPRING SUITE,**

   **Defendant.**

## REPORT AND RECOMMENDATION[1]

Plaintiff, who is proceeding *pro se*, has filed a complaint against Defendant WoodSpring Suites[2] attempting to assert a civil rights claim under 42 U.S.C. § 1981. (Doc. 1). Plaintiff claims that she was a guest in Defendant's hotel and was given a room infested with insects. Plaintiff claims that this somehow violated her civil rights. Plaintiff asserts that she notified management and although the Defendant refunded her money and gave her an insect free room, her injury was not cured as she suffered trauma and mental anguish. Plaintiff is demanding $100,000 in damages and an injunction "to prohibit insects in rooms at WoodSpring Suites." (Doc. 1).

An individual may be allowed to proceed *in forma pauperis* if she declares in an affidavit that she "is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a)(1). However,

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions. *See* Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

[2] Although Plaintiff identified Defendant as "Woodspring Suite," it appears the correct name is WoodSpring Suites.

before a plaintiff is permitted to proceed *in forma pauperis*, the Court is obligated to review the complaint to determine whether it is frivolous, malicious, "fails to state a claim upon which relief may be granted[,]" or . . . "seeks monetary relief against a defendant who is immune from such relief." *Id.* § 1915(e)(2). If the complaint is deficient, the Court is required to dismiss the suit *sua sponte. Id.*

In evaluating a complaint under § 1915, a document filed *pro se* is to be liberally construed. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Nonetheless, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.* at 556. While Rule 8(a), Federal Rules of Civil Procedure, does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-8 (2009). A pleading is insufficient if it offers mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555.

Further, federal courts are courts of limited jurisdiction and therefore, have an obligation to inquire into their subject matter jurisdiction. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1279–80 (11th Cir. 2001). Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States") in which a private right of action has been created or is implied by Congressional

intent. *See* 28 U.S.C. 1331 and 1332. Here, Plaintiff asserts that the Court has federal question jurisdiction over her 42 U.S.C. § 1981 claim.[3]

Section 1981 prohibits race discrimination in the making and enforcement of private contracts, including those in the context of hotel accommodations. *See Murrell v. Ocean Mecca Motel, Inc.*, 262 F.3d 253, 257 (4th Cir. 2001) (determining that the plaintiffs had established a prima facie case for a § 1981 claim involving hotel accommodations). However, most such cases typically involve a situation where a plaintiff was either denied a room or evicted from a room because of his or her race. *See id.* (finding that plaintiffs who were evicted from their room because of their race had a viable § 1981 claim); *Powell v. Super 8 Motels, Inc.*, 181 F. Supp. 2d 561, 564 (E.D. N.C. 2000) (finding that plaintiff who was denied a motel room because of his race had a viable § 1981 claim). That is not the case here. To the contrary, Plaintiff's own allegations state that she was able to make a contract with the Defendant by checking into the hotel, and she enforced the contract by asking the hotel to refund her money and give her a new room, which the Defendant did. Plaintiff has failed to allege any facts to suggest that her ability to make and enforce contracts was impaired.

This case is more akin to cases where poor service at restaurants—i.e. cold food or a long wait—has not been enough to establish a § 1981 claim, especially when the plaintiff has complained to management and the situation was rectified. *See Akins v. McDonald's Rest.*, No. 6:08-cv-1243, 2010 WL 11623679, at *6 (M.D. Fla. Feb. 19, 2010) (finding no violation of § 1981 where plaintiffs were given cold fries but the situation was remedied[4]); *Bobbitt v. Rage Inc.*, 19 F.

---

[3] It appears Plaintiff is also asserting state law claims involving landlord tenant law and the duties of lodging establishments. These claims do not contain a basis for subject matter jurisdiction so the Court need not evaluate them.

[4] The court summarized the exchange: "[p]laintiffs asked for hot fries; the employees responded. Plaintiffs asked for a refund; they were told that they could talk to the manager the next day, who gave

Supp. 2d 512, 517–18 (W.D. N.C. 1998) (finding no violation of § 1981 when plaintiffs' wait to be seated and served was longer than that of white patrons but they eventually were seated, their orders were taken, and they received their food). Similarly, Plaintiff's dissatisfaction with the conditions of her room which Defendant rectified do not amount to a § 1981 claim. Once again, this is a situation where Plaintiff alleges that she was given a room with which she was dissatisfied, and when she complained to management she was given a new room and refunded the entire amount she paid for the room. Therefore, Plaintiff has alleged no facts to suggest that she was denied the right to make or enforce a contract.

Additionally, Plaintiff has failed to allege that Defendant's actions were taken because of her race. *See Allen v. CLP Corp.*, 460 F. App'x 845, 847–48 (11th Cir. 2012) (finding no violation of § 1981 when plaintiff failed to provide any evidence of discriminatory intent). Plaintiff has failed to allege any facts that connect her receiving an insect infested room with her being a member of a racial minority. Even if Plaintiff successfully alleged racial animus, she cannot overcome the fact that she has failed to allege any facts showing she was denied the right to make or enforce a contract. *See, e.g.*, *Lopez v. Target Corp.*, 646 F.3d 1230, 1233 (11th Cir. 2012) (holding that although the plaintiff had successfully alleged that the defendant intended to discriminate on the basis of race, he could not state a § 1981 claim because he was not denied the right to make or enforce a contract). Accordingly, Plaintiff has failed to allege a plausible claim under § 1981.

For the reasons stated above, it is respectfully **RECOMMENDED** that Plaintiff's Motion to Proceed *in forma pauperis* (Doc. 2) be **DENIED**, and the Complaint (Doc. 1) be **DISMISSED**.

---

them the refund." *Akins*, 2010 WL 11623679 at *6. The court ultimately observed, "[w]hile poor service is regrettable and frustrating, it is a phenomenon familiar to all who eat at restaurants." *Id.*

- 5 -

**DONE and ENTERED** in Ocala, Florida on September 11, 2019.

*/s/ Philip R. Lammens*

PHILIP R. LAMMENS
United States Magistrate Judge

Copies furnished to:

Counsel of Record
Unrepresented Parties